UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JERALD MCCULLOUGH ) | CASE NO.  4:11 CV2704 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROBERT FARLEY, ) | |
| ) | |
| Respondent. ) | |

Before the Court is *pro se* Petitioner Jerald McCullough's Petition for a writ of habeas corpus filed pursuant 28 U.S.C. §2241.  Petitioner, who is being held in the Federal Correctional Institution in Elkton, Ohio ("F.C.I.  Elkton"), names F.C.I. Elkton Warden Robert Farley as Respondent. He asserts he is "innocent" of the career offender designation used to enhance his federal sentence. Petitioner seeks an order remanding him to the trial court for resentencing without the career offender enhancement.  For the reasons set forth below, this action is dismissed.

*Background*

Petitioner was indicted in the United States District Court for the Western District of Pennsylvania on October 12, 2007.[1] *See United States v. McCullough*, No. 3:07-cr-0027 (W.D. Pa. 2007)(Gibson, J.)   The three count indictment charged Petitioner, in part, with distribution of five grams or more of cocaine base in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(B)(iii).

---

[1]Although Petitioner identifies the court as the "Middle District" of Pennsylvania a review of the Public Access to Court Electronic Records (PACER) reveals that he was indicted in the Western District. *See* https://ecf.pawd.uscourts.gov/

After Petitioner indicated he would withdraw his plea of innocence, Judge Kim R. Gibson scheduled a Notice of Hearing on Petitioner's Change of Plea for February 23, 2009. Six days before the hearing, the United States filed an Information to Establish Prior Conviction. In its filing, the United States averred Petitioner was convicted

> on or about October 10, 1995, in the Court of Common Pleas of Blair County, Pennsylvania, at Criminal Nos. 95 CR 1018, 1019, and 1025 of felony violations of the Pennsylvania Controlled Device Cosmetic Substance Act, Title 35, Pennsylvania Statutes, Section 780.113A30,(distribution and possession with the intent to distribute a controlled substance) and was thereafter sentenced on October 10, 1995, to a term of incarceration of nine to twenty-three months.

*McCullough*, No. 3:07-cr-0027, Doc. No. 34.

During his hearing, Petitioner pled guilty to Count 4 of the Indictment. The Government offered the Plea Agreement as one of its exhibits to be made a part of the record. *Id.*, Doc. No. 36. A Presentence Report (PSR) was later prepared to which Petitioner timely filed objections. Upon review of the PSR and objections, the trial judge issued a Memorandum Order and Tentative Findings and Ruling on June 16, 2009. Judge Gibson stated in his Order that because Petitioner's factual objections

> do not affect the sentencing guideline calculation, the Court will defer ruling upon the Defendants's motion for downward departure from the sentencing guidelines until the time of sentencing, but notes that the Probation Officer is correct in that U.S.S.G §4A1.3(b)(3)(A) limits a downward departure from a career offender designation to a one category reduction in the Defendant's criminal history category.

*Id.*, Doc. No. 43.

On July 6, 2009, Petitioner was sentenced to 240 months imprisonment. He filed a *pro se* "Motion for Modification of Sentence under potential House Bill 3245 (fairness in cocaine sentencing act of 2009)" on November 2, 2009. On the same date, he filed a "Motion to Vacate, Set

2

Aside" his sentence pursuant to 28 U.S.C. § 2255.[2] Both motions were denied on March 12, 2010 and March 16, 2010, respectively. Petitioner then sought a Certificate of Appealability from the Third Circuit Court of Appeals, which was denied on September 27, 2010.

*Discussion*

Petitioner now maintains the trial court improperly designated him a career offender pursuant to U.S.S.G. § 4B1.1. Under the relevant section, a defendant is considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner argues that his prior felony convictions used to meet the third criteria were invalid.

The prior convictions at issue were the result of three indictments against Petitioner in the Blair County Court of Common Pleas in Hollidaysburg, Pennsylvania. On October 10, 1995, after pleading guilty to the charges, Petitioner was sentenced to serve concurrent jail terms of 9-23 months for each indictment. He insists these prior convictions were "minor offenses" because he only served 8 months and six days before being paroled on June 21, 1996.[3] As such, he contends that these offenses do not meet the standard to qualify as felonies; and, thus, cannot satisfy the third prong of the career offender enhancement.

---

[2]In his Motion to Vacate, Petitioner argued his Sixth Amendment right to counsel was violated by his attorney's ineffective representation. As a result, he claimed he could not knowingly enter a guilty plea to a sentence that was illegally excessive.

[3]Based on the chronology of events, the Court considers Petitioner's reference to a "June 21, **1995**" parole date as a typographical error.

Petitioner concludes he is "innocent" of being a career offender. He states he is entitled to habeas relief because he is being held in violation of the Constitution after the trial court improperly enhanced his federal sentence using prior convictions for which he served less than one year and one day.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965)." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a federal prisoner seeks to challenge his conviction or the imposition of his sentence, however, he must file a motion to set aside his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A habeas corpus proceeding brought under 28 U.S.C. § 2241 is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

4

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Section § 2255 provides a safety valve wherein federal prisoners may bring a § 2241 claim challenging their conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.

The savings clause provides an outlet for prisoners to submit claims of actual innocence when they would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.*, 180 F.3d at 756-57 (collecting cases). To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

A valid assertion of actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). In the past, those prisoners who have obtained review of their claims did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363, 378-80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). Petitioner's criminal case docket reveals he, in fact, already filed an unsuccessful Motion to Reduce Sentence as well as a Motion to Vacate or Set Aside his sentence.

Not only did Petitioner have the opportunity to challenge his sentence in a Motion to Vacate, he raised this exact issue in that Motion to Vacate.

Petitioner has failed to show actual innocence in relation to his challenge to the court's sentence enhancement based on his status as career offender. "Actual innocence" means factual innocence, rather than mere legal insufficiency. *Martin*, 319 F.3d at 804. Petitioner is clearly asserting that the sentences used to establish his career offender status are legally deficient. This alleged defect, however, does not qualify as a claim of actual innocence.

Petitioner is not entitled to challenge his sentence under § 2241 because his remedy under § 2255 is not inadequate or ineffective. The Sixth Circuit explained in *Charles* that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756-58. Ultimately, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See id.* at 758.

*Conclusion*

The Petition for writ of habeas corpus is **dismissed** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 20, 2012        */s/ John R. Adams*
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE